**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, :<br><br>Plaintiff, :<br><br>v. :<br><br>R&Q REINSURANCE COMPANY, :<br><br>Defendant. : | CIVIL ACTION NO. 20-10763 |

**COMPLAINT – CIVIL ACTION**

Plaintiff, Lexington Insurance Company, as and for its complaint against Defendant R&Q

Reinsurance Company (formerly INA Reinsurance Company), alleges as follows:

**NATURE OF THE ACTION**

1.      This is a civil action for breach of a facultative reinsurance contract and arises

from the failure of Defendant, R&Q Reinsurance Company ("R&Q") to indemnify Plaintiff,

Lexington Insurance Company ("Lexington"), for payments made by Lexington under an

insurance policy reinsured by R&Q.

**THE PARTIES**

2.      Plaintiff, Lexington, is organized under the laws of the State of Delaware with its

principal place of business located at 99 High Street, Boston, MA 02110.

3.      Defendant, R&Q, formerly known as ACE American Reinsurance Company,

formerly known as CIGNA Reinsurance Company, formerly known as INA Reinsurance

Company, is organized under the laws of the Commonwealth of Pennsylvania with its principal

24411171v.1

place of business located at Two Logan Square, 18th and Arch Streets, Suite 600, Philadelphia,

PA 19103.

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction in this case pursuant to Section 28

U.S.C. § 1332, which provides:  "The district courts shall have original jurisdiction of all civil

actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs, and is between – (1) citizens of different States."  As the amount in

controversy in this matter is in excess of $75,000 and Lexington and R&Q are citizens of

different States, this Court has subject matter jurisdiction.

5.      This Court has personal jurisdiction over R&Q because of R&Q's regular and

repeated contacts with the Commonwealth of Massachusetts.  Such contacts include, but are not

limited to, doing business with Lexington, a Massachusetts based company.

6.      Venue is proper in this county pursuant to 28 U.S.C. § 1391 because a substantial

part of the events or omissions giving rise to the action occurred in this district.

**BACKGROUND**

7.      A reinsurance contract is an arrangement whereby one insurance company,

known as the "ceding company" or the "cedent," obtains insurance from another insurer, known

as the "reinsurer," in order to transfer some or all of the insured risk the cedent has assumed

under the insurance policies it has issued.  In this case, Lexington is the cedent, and R&Q is the

reinsurer.

8.      "Facultative reinsurance" applies to a single policy or risk and is negotiated on an

individual basis by the insurer (the cedent) and the reinsurer.  Facultative reinsurance is generally

memorialized in a written contract known as a facultative certificate.

2

## LEXINGTON'S 1980 POLICY ISSUED TO NATIONAL SERVICE INDUSTRIES, INC. AND REINSURANCE RELATED TO SAME

9.    Lexington issued Policy No. 5513153 effective March 1, 1980 to March 1, 1981, with a limit of $10 million p/o $20 million excess $30 million excess underlying/SIR to National Service Industries, Inc. ("NSI") ("Lexington Policy 5513153").

10.    Lexington purchased facultative reinsurance for Lexington Policy 5513153 from R&Q (then known as INA Reinsurance Company).

11.    Pursuant to facultative Certificate No. FRC 030477 ("R&Q Certificate FRC 030477") R&Q assumed $5 million of the $10 million limit of Lexington Policy 5513153.  A true and correct copy of R&Q Certificate FRC 030477 is attached hereto as Exhibit A.

12.    R&Q accepted premiums in exchange for its agreement to reinsure Lexington pursuant to R&Q Certificate FRC 030477.

13.    R&Q Certificate FRC 030477 provides that "[a]ll claims involving this reinsurance when settled by [Lexington] shall be binding on [R&Q] which shall be bound to pay its proportion of such settlements . . . ."  (*See* Exh. A at p. 2, Loss Settlement.)

14.    R&Q Certificate FRC 030477 also provides that payment shall be made "promptly following receipt of proof of loss."  (*See* Exh. A at p. 2, Loss Settlement.)

15.    NSI presented a demand for coverage under Lexington Policy 5513153 relating to liabilities arising out of asbestos claims.

16.    On March 11, 2019, NSI and Lexington entered into a Settlement Agreement and Release, which required Lexington to make certain payments to NSI.

17.    Pursuant to the March 11, 2019 Settlement Agreement and Release, Lexington made payment to NSI under Lexington Policy 5513153.

24411171v.1

18.     Lexington billed R&Q with respect to the payment Lexington made to NSI under Lexington Policy 5513153.

19.     R&Q has failed to pay Lexington pursuant to the proof of loss submitted under R&Q Certificate FRC 030477 in breach of the terms of the facultative certificate.

## COUNT I

## Breach of Contract Under R&Q Certificate FRC 030477

20.     Lexington repeats and incorporates herein by reference the allegations contained in the foregoing paragraphs 1-19 as if fully set forth herein.

21.     Lexington has fully performed its obligations under R&Q Certificate FRC 030477.

22.     R&Q has failed to pay the amounts now due and owing under R&Q Certificate FRC 030477.

23.     In failing to pay the amounts due under R&Q Certificate FRC 030477, R&Q has breached its contract with Lexington.

24.     As a result of R&Q's breach of R&Q Certificate FRC 030477, Lexington has suffered damages.

WHEREFORE, Lexington Insurance Company respectfully requests that the Court enter judgment in its favor and against R&Q Reinsurance Company as follows:

a.     A judgment that R&Q Reinsurance Company has breached R&Q Certificate FRC 030477;

b.     Compensatory damages;

c.     Reasonable costs and fees incurred in bringing this action; and

d.     Such other relief as the Court deems just and proper.

24411171v.1

Respectfully submitted,

WHITE AND WILLIAMS LLP

OF COUNSEL:
Michael S. Olsan, Esq.
Justin K. Fortescue, Esq.
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA  19103-7395
(215) 864-6278/6823
olsanm@whiteandwilliams.com
fortescuej@whiteandwilliams.com

Dated: April 20, 2020

By:  /s/ Rachel J. Eisenhaure
Rachel J. Eisenhaure
BBO # 663876
WHITE AND WILLIAMS LLP
101 Arch Street, Suite 1930
Boston, MA  02110
Tel.:  617.748.5221
eisenhaurer@whiteandwilliams.com
*Attorney for Plaintiff Lexington Insurance Company*

5